FILED
United States Court of Appeals
Tenth Circuit

September 5, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ARTHUR SANCHEZ,

    Defendant - Appellant.

No. 17-2200
(D.C. Nos. 1:16-CV-00659-JAP-GBW &
1:13-CR-00961-JAP-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.
_____

Arthur Sanchez seeks a certificate of appealability (COA) to challenge the denial of his 28 U.S.C. § 2255 motion. *See id.* § 2253(c)(1)(B) (providing that no appeal may be taken from a final order denying relief under § 2255 unless the movant obtains a COA). We deny a COA and dismiss this matter.

I

Mr. Sanchez pleaded guilty to possessing heroin with intent to distribute, 21 U.S.C. § 841(a)(1), and possessing a firearm and ammunition after a prior felony conviction, 18 U.S.C. § 922(g)(1). His presentence investigation report determined he

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was subject to the enhanced penalty provisions of the Armed Career Criminal Act of 1984 (ACCA), which imposes a mandatory minimum sentence of 15 years in prison for violations of § 922(g) when the defendant has "three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements clause"); (2) " is burglary, arson, . . . extortion, [or] involves use of explosives (the "enumerated offenses clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). *Id.* § 924(e)(2)(B). Mr. Sanchez had been convicted in New Mexico of robbery, aggravated assault with a deadly weapon, and aggravated battery with a deadly weapon. Thus, he agreed to a 15-year sentence under the ACCA and did not appeal.

Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"), which invalidated the ACCA's residual clause, Mr. Sanchez moved to correct his sentence pursuant to 28 U.S.C. § 2255. He argued that his three prior convictions no longer qualified as violent felonies under the ACCA because the residual clause was unconstitutional, the enumerated offenses clause was inapplicable, and the elements clause was not satisfied. A magistrate judge agreed with the first two points but not the last, concluding that Mr. Sanchez's prior convictions qualified as violent felonies under the elements clause. The magistrate judge therefore recommended that the § 2255 motion be denied. Over Mr. Sanchez's objections, the district court

adopted the recommendation, denied the § 2255 motion, and declined to issue a COA. Mr. Sanchez now seeks a COA from this court.

II

A COA is a jurisdictional prerequisite to our review. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To obtain a COA, a prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We engage in "an overview of the claims in the [§ 2255 motion] and a general assessment of their merits." *Miller-El*, 537 U.S. at 336. "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El*, 537 U.S. at 327).

To qualify as a violent felony under the elements clause, a prior conviction must have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). "In this context, 'physical force' means '*violent* force—that is, force capable of causing physical pain or injury to another person.'" *United States v. Maldonado-Palma*, 839 F.3d 1244, 1248 (10th Cir. 2016) (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*")), *cert. denied*, 137 S. Ct. 1214 (2017).

*1. Aggravated Assault with a Deadly Weapon, N.M. Stat. Ann. § 30-3-2(A)*

We have consistently held that New Mexico's crime of aggravated assault with a deadly weapon satisfies *Johnson I*'s standard of violent force. *See Maldonado-Palma*,

3

839 F.3d at 1250 (holding that N.M. Stat. Ann. § 30-3-2(A) is categorically a crime of violence under the elements clause of U.S.S.G. § 2L1.2); *United States v. Ramon Silva*, 608 F.3d 663, 670-71 (10th Cir. 2010) (holding that New Mexico aggravated assault with a deadly weapon is categorically a violent felony under the ACCA elements clause); *United States v. Pacheco*, 2018 WL 1673153, at *2 (10th Cir. 2018) (unpublished) (same).[1] As we explained in *Maldonado-Palma*, aggravated assault with a deadly weapon requires the "actual use[]" of a deadly weapon "capable of producing death or great bodily harm or inflicting dangerous wounds in an assault." 839 F.3d at 1250 (internal quotation marks omitted). The use of such a weapon in an assault, we reasoned, "necessarily threatens the use of physical force, i.e., 'force capable of causing physical pain or injury to another person.'" *Id.* (quoting *Johnson I*, 559 U.S. at 140). Although *Maldonado-Palma* analyzed a provision of the sentencing guidelines, its analysis is instructive, "[g]iven the similarity in language between the ACCA and [the sentencing guidelines]." *Ramon Silva*, 608 F.3d at 671 (internal quotation marks omitted).

Mr. Sanchez acknowledges these authorities but asserts our cases were wrongly decided. He contends that *State v. Branch*, 417 P.3d 1141, 1148 (N.M. Ct. App. 2018),

---

[1] N.M. Stat. Ann. § 30-3-2 provides:

Aggravated assault consists of either:
A. unlawfully assaulting or striking at another with a deadly weapon;
B. committing assault by threatening or menacing another while wearing a mask, hood, robe or other covering upon the face, head or body, or while disguised in any manner, so as to conceal identity; or
C. willfully and intentionally assaulting another with intent to commit any felony.
Whoever commits aggravated assault is guilty of a fourth degree felony.

undermined our cases because it held that aggravated assault with a deadly weapon is a general intent crime that does not require a specific intent to use a deadly weapon "against the person of another." COA App. at 13 (internal quotation marks omitted). But *Branch* did not alter the state of the law. As *Ramon Silva* recognized, "[t]hat aggravated assault does not require proof of a specific intent to assault the victim, or of a specific intent to injure or even frighten the victim, only confirms that aggravated assault is not a specific intent crime, but rather is a general intent crime." 608 F.3d at 673 (brackets, citation, and internal quotation marks omitted). The offense is a violent felony because it requires "unlawfully assaulting or striking at another," N.M. Stat. Ann. § 30-3-2(A), employing a deadly weapon, *Maldonado Palma*, 839 F.3d at 1250, with general criminal intent, *see Ramon Silva*, 608 F.3d at 673, all of which we have held at least threatens the use of physical force against the person of another. The denial of relief was not debatable.

### 2. *Robbery, N.M. Stat. Ann. § 30-16-2*

Mr. Sanchez also contends his robbery conviction does not satisfy the elements clause because the amount of force used to overcome a victim's resistance is immaterial.[2]

---

[2] N.M. Stat. Ann. § 30-16-2 provides:

> Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence.
> Whoever commits robbery is guilty of a third degree felony.
> Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony.

He says robbery can be committed using only slight force, which is insufficient to satisfy the physical force requirement of *Johnson I.* As Mr. Sanchez acknowledges, however, this argument is foreclosed by *United States v. Garcia*, 877 F.3d 944, 956 (10th Cir. 2017), *petition for cert. filed* (U.S. June 18, 2018) (No. 17-9469). In *Garcia*, we held that robbery in New Mexico is a violent felony under the ACCA's elements clause. *Id.* We analyzed the relevant case law and acknowledged that some New Mexico cases suggested that "any quantum of force which overcomes resistance would be sufficient to support a robbery conviction." *Id.* But focusing on "realistic probabilities, not theoretical possibilities," we observed that "cases affirming convictions which clearly discuss the quantum of force describe force sufficient to satisfy the *Johnson I* definition." *Id.* Hence, we concluded that the New Mexico crime of robbery "categorically matches the definition of 'physical force' the Supreme Court assigned in *Johnson I*" and "has as an element the use or threatened use of physical force against another person." *Id.* In light of *Garcia*, reasonable jurists would not debate the district court's decision. Mr. Sanchez offers various arguments as to why *Garcia* was wrongly decided, but he recognizes that we are bound by our precedent absent *en banc* reconsideration or a contrary Supreme Court decision. *See United States v. Springer*, 875 F.3d 968, 974-75 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 2002 (2018). [3]

---

[3] As Mr. Sanchez indicates in his letter filed under Fed. R. App. P. 28(j), the Supreme Court has granted certiorari in *Stokeling v. United States*, 138 S. Ct. 1438 (2018) (Mem.), to consider the following question:

(continued)

*3. Aggravated Battery with a Deadly Weapon, N.M. Stat. Ann. § 30-3-5(C)*

Finally, Mr. Sanchez contends that his conviction for aggravated battery with a deadly weapon does not satisfy the elements clause because the crime can be committed without using violent force as required by *Johnson I*; he says it can be committed with only an unlawful touching.[4] Mr. Sanchez fails to explain, however, how an unlawful touching *with the use of a deadly weapon* can be committed without the threatened use of physical, violent force.

We have held "that physical force is involved when a person intentionally causes physical contact with another person with a deadly weapon." *United States v. Treto-Martinez*, 421 F.3d 1156, 1159 (10th Cir. 2005) (holding that a Kansas conviction

---

Is a state robbery offense that includes "as an element" the common law requirement of overcoming "victim resistance" categorically a "violent felony" under the [ACCA's elements clause] if the offense has been specifically interpreted by state appellate courts to require only slight force to overcome resistance?

Notwithstanding the grant of certiorari in *Stokeling*, *Garcia* definitively answered the question presently before us, and we are bound by that decision unless and until it is overruled by an *en banc* panel of this court or a contrary decision of the Supreme Court.

[4] N.M. Stat. Ann. § 30-3-5 provides:

A. Aggravated battery consists of the unlawful touching or application of force to the person of another with intent to injure that person or another.
B. Whoever commits aggravated battery, inflicting an injury to the person which is not likely to cause death or great bodily harm, but does cause painful temporary disfigurement or temporary loss or impairment of the functions of any member or organ of the body, is guilty of a misdemeanor.
C. Whoever commits aggravated battery inflicting great bodily harm or does so with a deadly weapon or does so in a manner whereby great bodily harm or death can be inflicted is guilty of a third degree felony.

for aggravated battery against a law enforcement officer qualified as a "crime of violence" under U.S.S.G § 2L1.2(b)(1)(A)).  Although *Treto-Martinez* pre-dated *Johnson I*, we applied *Treto-Martinez* in *Ramon Silva* and held that "apprehension-causing aggravated assault under N.M. Stat. Ann. § 30-3-2(A) creates a commensurate threat of physical force such that the crime qualifies as a violent felony under the ACCA," 608 F.3d at 672 (internal quotation marks omitted).  We reasoned that "[t]he conduct could always lead to substantial and violent contact, and thus it would always include as an element the threatened use of violent force."  *Id.* (ellipsis and internal quotation marks omitted).  It follows that if "[e]mploying a weapon that is capable of producing death or great bodily harm or inflicting dangerous wounds in an assault necessarily threatens the use of physical force, i.e., force capable of causing physical pain or injury to another person," *Maldonado-Palma*, 839 F.3d at 1250 (internal quotation marks omitted), so too must employing such a weapon when committing an actual battery, *see, e.g.*, *United States v. McMahan*, 732 F. App'x 665, 669 (10th Cir. 2018) (unpublished) (adhering to *Treto-Martinez* and holding that aggravated battery in Kansas is a violent felony under the ACCA's elements clause), *petition for cert. filed*, (U.S. July 23, 2018) (No. 18-5393).[5]

Mr. Sanchez posits that an aggravated battery might be committed with a deadly weapon in a way that does not involve direct physical force, such as poisoning the victim. But once again, he recognizes that this argument is foreclosed by our precedent:  "'Use of

---

[5] We may consider non-precedential, unpublished decisions for their persuasive value.  *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A).

force is not the act of sprinkling the poison; it is the act of employing poison knowingly as a device to cause physical harm.  That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter.'"  *United States v. Ontiveros*, 875 F.3d 533, 537 (10th Cir. 2017) (brackets and ellipsis omitted) (quoting *United States v. Castleman*, 134 S. Ct. 1405, 1415 (2014), *cert. denied*, 138 S. Ct. 2005 (2018)).  Given this authority, no reasonable jurist would debate the district court's decision.

III

Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

Allison H. Eid
Circuit Judge